[Docket No. 50]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYDS' SUBSCRIBING TO THE FOLLOWING TREATIES: 1993, TREATY NUMBER 482/93; 1994, TREATY NUMBER 482/94 1995, TREATY NUMBER 482/95; 1996, TREATY NUMBER ES1649696, : : : : : : : : : | Civil No. 08-2950 (RMB)  **ORDER** |
| Petitioner, : |  |
| v. : |  |
| PINEHURST ACCIDENT REINSURANCE GROUP, et al., : : |  |
| Respondents. : |  |

THIS MATTER comes before the COURT upon a motion for reconsideration, pursuant to Local Civil Rule 7.1(i), of the COURT's May 20, 2009 ORDER, which vacated its December 18, 2008 ORDER confirming the arbitration award, remanded the award to the arbitrator for clarification, and closed the file.  The movant, Certain Interested Underwriters at Lloyds' ("Underwriters"), has asked the COURT to certify particular questions to the arbitration panel, and, furthermore, has claimed that the COURT committed error in three respects: (1) vacating its ORDER confirming the arbitration award, (2) suggesting that the panel's failure to calculate the value of the contemplated commutations amounted to an ambiguity, and (3) closing the file.

The COURT agrees that presenting particular questions to the arbitrator may be useful in the remand proceeding. Accordingly, the Court certifies the following questions to the panel:

1.  Of the 24 treaties that are in dispute between the parties, which ones, specifically, fall within the parameters of paragraph four of the panel's Final Order?

2.  With respect to calculating the value of the commutations contemplated by paragraph four: On its face, the Final Order requires only that the parties perform certain calculations.

    a.  Did the panel intend to order only that the parties perform calculations, or did the panel intend to order that the parties come to an agreement on the value of the relevant commutations? (Or, alternatively, did the panel intend something else?)

    b.  If the panel intended that the parties agree, then what is the effect of the Final Order if the parties cannot agree?

    c.  Assuming that the parties do not agree, and mindful that the COURT's only role is to confirm and enforce the award -- not to engage in independent fact-finding -- how did the panel foresee resolution of this dispute? In other words, by what formula must the parties calculate the damages contemplated in paragraph four?

Underwriters' argument that the COURT erred by vacating its ORDER confirming the arbitration is incorrect. The Third Circuit, in Colonial Penn Insurance Co. v. Omaha Indemnity Co., has instructed that district courts should not confirm arbitration awards when they are ambiguous. 943 F.2d 327, 333-35 (1991). The parties may renew their motion for confirmation of the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, once the arbitrator has clarified the award.

Therefore, for the reasons stated herein and for those

stated on the record on this date, it is on this, the **4th** day of **June 2009**, hereby

**ORDERED** that the CLERK OF THE COURT shall **REOPEN** this file for purposes of considering the motion for reconsideration; and it is further

**ORDERED** that the motion for reconsideration shall be **GRANTED** inasmuch as the COURT has certified the above-mentioned questions to the arbitrator; and it is further

**ORDERED** that the CLERK OF THE COURT shall **ADMINISTRATIVELY TERMINATE** this file without prejudice to the parties' right to reopen it upon motion to the COURT; and it is finally,

**ORDERED** that the motion for reconsideration shall be **DENIED** in all other respects.

      s/Renée Marie Bumb
      RENÉE MARIE BUMB
      United States District Judge